Robbie Neil FREEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–95–0041–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 19, 1995.

Roderique S. Hobson, Jr., Lubbock, for appellant.

William Sowder, District Attorney (Michael West, Appellate Chief), Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

BOYD, Justice.

On February 2, 1995, a jury found appellant Robbie Neil Freeman guilty of aggravated sexual assault and the trial court assessed a sentence of life imprisonment in the Institutional Division of the Department of Criminal Justice. On February 16, 1995, appellant gave a pro se notice of appeal. We have been furnished with a record showing that on February 22, 1995, in what was denominated as an "Application to Revoke Probation," appellant pled guilty to five different charges of burglary of a habitation with intent to commit sexual assault, a first degree felony. He also pled "true" to the State's application to revoke probation in a sixth and separate case for burglary of a habitation. In return for the pleas, the State agreed to a plea bargain of life in the penitentiary, restitution of $7,548.70 as a condition of parole, and the waiver of his right to appeal the instant case.

Although appellant raises four points of asserted error in the trial of this case, we are unable to pass on their merit because he waived his right to appeal, and thus, the points are not properly before us. We must, therefore, dismiss the appeal for want of jurisdiction.

The record reflects that at the February 22, 1995 hearing, the trial court admonished appellant and received his answers as follows:

THE COURT: ... Do you feel like you understand what's going on here this morning?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if this proceeding continues, that the end result will be a conviction for the offense of burglary of a habitation in this cause number, as well as four other burglary of a habitation cases, and also a probation will be revoked?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that's the eventual result of all of these proceedings?

THE DEFENDANT: Yes.

THE COURT: Do you understand, from discussing all of this with your attorney, the plea bargain that's been entered into in this case?

THE DEFENDANT: Yes.

THE COURT: Do you have any question about what we're doing here this morning?

THE DEFENDANT: No.

THE COURT: All right. Do you feel like you are in your right mind and you know what you're doing?

THE DEFENDANT: Yeah.

THE COURT: Has anyone promised you anything, other than a plea bargain, or has anyone threatened you in any manner to get you to enter these pleas?

THE DEFENDANT: No.

THE COURT: All right. You have been represented by Mr. Steve White. Mr. White was appointed by the Court to represent you in each of these cases.

Are you satisfied with the representation that Mr. White has given you in these cases?

THE DEFENDANT: Yes.

THE COURT: In this Cause number, the offense is burglary of a habitation. It is a first degree felony. The range of punishment is five years to 99 years, or life, in the penitentiary, plus an optional fine of up to $10,000. Do you understand that to be the range of punishment?

THE DEFENDANT: Yes.

THE COURT: Understanding the range of punishment, is it still your desire to enter your plea of guilty?

THE DEFENDANT: Yes.

THE COURT: All right. The State's indicated that they've offered you a plea bargain of life in the penitentiary. They ask that you be ordered to pay restitution of $7,548.70 as a condition of parole. And they also ask that you waive your right to appeal in Cause No. 94–419,156 [the case involved in this appeal]. In return, they will dismiss counts two and three of this indictment.

Is that your understanding of the plea bargain?

THE DEFENDANT: Yes.

MR. WHITE (defendant's attorney): And this sentence would run concurrent?

THE COURT: With the previous conviction for the jury trial,——

MR. WHITE: Yes.

THE COURT: —as well as the other convictions, if I accept your plea of guilty in the other cases, all of those sentences will run concurrently. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Do you have any question about that plea bargain?

THE DEFENDANT: No, sir.

THE COURT: Are you asking the Court to accept your plea and follow that plea bargain?

THE DEFENDANT: Yes.

THE COURT: Are you prepared at this time, with your counsel, to waive or give up your right to appeal your conviction in Cause No. 94–419,156 [the case involved in this appeal]?

THE DEFENDANT: Yes.

THE COURT: You sent me a letter indicating, this past week or the week before, indicating that in that Cause number [the case on appeal], you did, in fact, desire to appeal your conviction. Is that correct?

THE DEFENDANT: Yes, I did.

THE COURT: All right. Are you, at this time, along with your attorney, waiving or giving up your right to appeal that conviction?

THE DEFENDANT: Yeah. Yes, sir.

THE COURT: All right. As part of this plea bargain, in conjunction with all of these cases?

THE DEFENDANT: Yes.

Before accepting each individual guilty plea, the trial judge reminded him that he was giving up valuable rights, asked if he was knowingly and voluntarily doing so, and specifically asked if he understood that he was waiving his right to appeal this case. Appellant and his attorney, Steve White,[1] then signed a "Waiver of Motion for New Trial [sic] Motion in Arrest of Judgment and right of Appeal" reciting that

---

1. Upon receiving appellant's February 2, 1995 letter notifying the court of his intent to appeal this case and requesting appointment of another lawyer, the trial judge appointed Rod Hobson, who is appellant's counsel on appeal. Although Hobson was appointed on February 15, 1995, the record reflects that Steve White represented appellant at the "Application to Revoke Probation" and signed the waiver of appeal filed on February 22, 1995.

The Defendant in the above and entitled and numbered cause, with advice of his attorney, after having been found guilty and judgment accordingly having been entered, does hereby waive, give up and abandon his right to file a (1) Motion for New Trial, (2) Motion in Arrest of Judgment and (3) Right of Appeal.

■ It is well established that a criminal defendant may waive many of his rights, including the right of appeal. *Smith v. State,* 858 S.W.2d 609, 611 (Tex.App.—Amarillo 1993, pet. ref'd), *citing Faulder v. Hill,* 612 S.W.2d 512, 514 (Tex.Crim.App.1980). A knowing, intelligent waiver of the right to appeal will prevent a defendant from appealing, unless he obtains the consent of the trial court. *Smith,* 858 S.W.2d at 611, *citing Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim. App.1978). An appellant is deemed to have knowingly and voluntarily agreed to the terms of the plea bargain as set forth by his trial counsel unless he shows otherwise. *Smith,* 858 S.W.2d at 611, *citing Ex parte Williams,* 637 S.W.2d 943, 947 (Tex.Crim. App.1982), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983). An attack on a waiver of the right to appeal will not be entertained without factual allegations supporting a claim of coercion or involuntariness. *Smith,* 858 S.W.2d at 611, *citing Ex parte Hogan,* 556 S.W.2d 352, 353 (Tex.Crim. App.1977).

■ The record is clear that appellant waived his right to appeal this case pursuant to a plea bargain entered into with the State involving five different cases. Nowhere in his appellate brief does he make any argument to the contrary; indeed, he fails to make any reference to these pleas and the consummated plea bargain. Nowhere does he claim he has obtained consent from the trial judge to appeal this case. The record does show a second letter to the trial judge dated March 16, 1995, in which appellant states that on February 22, 1995, he "pleaded guilty to (5) five charges and waived my right to appeal the 'guilt-innocence' stage of the conviction" in the aggravated sexual assault case. He then goes on to say, without support in the record, that "It is my understanding, as explained to me before I signed in

agreement of [sic] arrangement, that I may still appeal the 'punishment' stage...." His reason for wanting to appeal, he says, is "to present factual, important, evidence and facts, of contributing factors to my criminal behavior, some of which evidence was not available to me previously to now, and some that was." Nevertheless, in this appeal, appellant makes no reference to this letter and cites no legal authority to support an argument that he can appeal his punishment.

Appellant also fails to make any claim that his waiver was made involuntarily or that he did not understand the consequences of his waiver. In fact, as we have set out above, the record reveals appellant was advised of his right to appeal and the consequent punishment he would receive if the court approved his plea bargain. Inquiry was also made to determine if he understood what he was doing and if he knowingly waived his right to appeal. There are no allegations or proof that his waiver of the right to appeal was coerced or involuntary, and there is nothing in the record suggesting either coercion or involuntariness.

Failing to show otherwise, appellant is deemed to have knowingly and intelligently agreed to the terms of his plea bargain as set out above. We must now determine whether appellant can be held to that bargain. *See Smith,* 858 S.W.2d at 612.

The facts in *Smith* are somewhat similar to the facts before us. Smith, after having been found guilty by a jury of aggravated robbery, acknowledged to the trial judge that he understood his right to appeal. *Id.* at 611. Smith and his attorney then told the court they had entered into an agreement with the prosecutor that in return for the dismissal of two other cases, he was waiving the right to appeal his aggravated robbery conviction. *Id.* In dismissing Smith's attempted appeal of the case, this court noted, "Although the plea bargain was not in exchange for appellant's plea, this situation is akin to a plea bargaining situation." *Id.* at 612.

■ Plea bargaining consists of the prosecutor making concessions regarding specific punishment, lesser charges, the reduction of counts and the like, in exchange

for a defendant's agreement to enter a plea of guilty, nolo contendere or, as in this instance, to waive some right otherwise possessed by the defendant. *Id.; Ex parte Williams,* 637 S.W.2d at 947. This bargaining flows from the mutuality of advantage to the defendant and the prosecution, as each have their own reasons for wanting to avoid trial. *Ex parte Williams,* 637 S.W.2d at 947, *citing Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). The specific terms of the bargain are left to the parties, and we will not interfere with those terms unless they appear to be manifestly unjust. *Smith,* 858 S.W.2d at 612. The bargain must stand unless there was a misrepresentation by the State. *Shannon v. State,* 708 S.W.2d 850, 852 (Tex.Crim.App.1986).

■ A knowing and intelligent waiver of the right to appeal made after sentencing is binding upon the defendant. *Smith,* 858 S.W.2d at 612. As was the appellant in *Smith,* Robbie Neil Freeman was well aware of the sentence imposed in this case and the errors which allegedly occurred during his trial at the time he entered into the plea bargain and knowingly and intelligently waived his right of appeal in this case conditioned upon the State's performance of its part of the plea bargain. This record is devoid of any evidence, or indeed, any assertion that the State did not keep its part of the bargain. The record does show that in the presence of his attorney, he was fully advised of the consequences of his plea bargain and entered into it knowingly and voluntarily.

Because appellant knowingly and voluntarily gave up his right to appeal this case, he must be held to the bargain he made. Therefore, we have no authority to review the contentions of error he attempts to raise.

Accordingly, the appeal must be, and is, dismissed for want of jurisdiction.