**Stanley E. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–97–01400–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 2000.

---

Stanley E. Smith, Gatesville, for appellant.

David Bosserman, Angleton, for the State.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

1. In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or

**ORDER**

PER CURIAM.

On December 8, 1997, appellant entered pleas of guilty and was found guilty of aggravated assault and participating in a riot. In accordance with a plea agreement, on December 22, 1997, the trial judge sentenced appellant to four years confinement in each case. Appellant filed a timely pro se notice of appeal on December 15, 1997.[1] The notice of appeal reads, in pertinent part:

> Defendant is seeking to obtain written permission from the court to file an appeal in which the court must give its permission to defendant to prosecute an appeal on any matter in this case; except for matters raised by motion filed prior [to] trial.

The notice included an order that was signed by the trial judge; the word "granted" was stricken through, and "denied" was written in.

On May 21, 1999, we abated the appeal and remanded the case to the trial court for a hearing because no reporter's record or brief had been filed. Among other things, we requested the trial court to determine whether appellant wished to prosecute the appeal, and whether appellant was indigent and entitled to appointed counsel and a free reporter's record.

On June 28, 1999, the trial court filed the following findings in this Court:

(1) The Defendant pled guilty to Aggravated Assault and received a punishment of four (4) years TDCJ–ID.

(2) The Defendant's guilty plea was the result of a plea bargain.

receives a jury verdict. Tex.R.App. P. 27.1(b). According to the trial court's docket sheet, the trial court found appellant to be guilty on December 8, 1997. Therefore, the notice of appeal was effective and deemed filed on the date sentence was imposed, December 22, 1997.

(3) The Defendant, at the time of his plea of guilty, was indigent and was represented by appointed counsel.

(4) The Defendant signed an "affidavit of admonitions" in which he waived his right to appeal unless permission was given by the Trial Judge.[2]

(5) The Defendant was not granted the right to appeal by the Trial Judge.

(6) The Defendant does wish to prosecute an appeal of his plea bargain conviction.

(7) The Defendant is indigent.

(8) The Defendant should not be appointed counsel on appeal and should not be given permission to appeal.

Although the trial court concluded that appellant was indigent and wished to pursue the appeal, the trial court did not appoint counsel to represent appellant on appeal. Therefore, on September 23, 1999, we again abated the appeal and remanded the case to the trial court with instructions that the trial court appoint counsel and order the reporter to file a record at no expense to appellant. We received no response. Based on the trial court's findings of June 1999, it appears that appellate counsel has not been appointed because appellant entered guilty pleas in plea-bargained felony cases and did not receive the trial court's permission to appeal.

■ The general rule is that a defendant in any criminal action has the right of appeal. *See* Tex.Code Crim. P. Ann. art. 44.02 (Vernon 1979 & Supp.2000). If the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under the Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must specify: (1) that the appeal is for a jurisdictional defect, (2) that the substance of the appeal was raised by written motion and ruled on before trial, or (3) that the trial court granted permission to appeal. *See* Tex.R.App. P. 25.2(b)(3).

■ However, a defendant who files a general notice of appeal can appeal the voluntariness of a plea agreement without first obtaining the permission of the trial court. *Davis v. State,* 7 S.W.3d 695, 697 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Therefore, a plea of guilty or nolo contendere in a plea-bargained felony case is not an absolute waiver of the right to a direct appeal regardless of the declarations, or lack thereof, in the notice of appeal and regardless of the trial court's denial of permission to appeal.

Because appellant invoked the jurisdiction of this Court by filing a timely notice of appeal, and because the trial court found that appellant does wish to pursue the appeal and that he is indigent, appellant is entitled to appointed counsel. *See Douglas v. California,* 372 U.S. 353, 357–58, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963). If the proceedings in the trial court were recorded by a court reporter, appellant is also entitled to a reporter's

---

**2.** Both affidavits of admonitions (one in each count) include the following:

I understand that in the event I am convicted, I have the legal right of appeal to the Court of Appeals, sitting in Houston, Harris County, Texas, and also the right to be represented on appeal by an attorney of my choice. If I am too poor to pay for such attorney or the record on appeal, the Court will, upon a finding of indigency, without expense to me provide an attorney and a proper record for such an appeal. *I waive the right to appeal.*

(Emphasis added.) These waivers may be invalid because it appears that they were made before conviction when appellant could not have anticipated the errors that might occur during the plea proceedings. *See Ex parte Thomas,* 545 S.W.2d 469, 470 (Tex. Crim.App.1977); *Ex parte Dickey,* 543 S.W.2d 99, 100–01 (Tex.Crim.App.1976); *cf. Blanco v. State,* 18 S.W.3d 218 (Tex.Crim.App.2000); *Bushnell v. State,* 975 S.W.2d 641, 643–44 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd) (waiver held valid when made after conviction and specifically in exchange for a sentencing recommendation). We are not ruling on the validity of the waivers at this time because of the paucity of the record presently before us.

record at no expense to himself. *See Griffin v. Illinois*, 351 U.S. 12, 19, 76 S.Ct. 585, 590–91, 100 L.Ed. 891 (1956).

We therefore again abate the appeal and direct the trial court to appoint appellate counsel. If a court reporter was present during the proceedings, we further direct the trial court to order the court reporter to prepare and file a reporter's record at no expense to appellant. The trial court's order appointing counsel and, if appropriate, the preparation of a reporter's record, shall be sent to this Court as a supplemental clerk's record no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's order is filed in this Court.

It is so **ORDERED.**

