**Randell Steven HILYARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–00–01084–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 8, 2001.

Randell Steven Hilyard, Houston, for appellant.

John B. Holmes, Calvin Hartmann, Houston, for State.

Panel consists of Justices WILSON, HEDGES, and SMITH.*

## OPINION

HEDGES, Judge.

On June 9, 1999, appellant pled guilty to burglary of a habitation with intent to commit theft without a plea bargain agreement. The trial court deferred a finding of guilt, and placed appellant on community supervision for 10 years.

The State filed a motion to adjudicate guilt on December 6, 1999. On August 15, 2000, appellant signed under oath a "Stipulation of Evidence Motion to Adjudicate

Guilt." This document was also signed by appellant's counsel, the assistant district attorney, and the trial court. The written stipulation provided, among other things, that appellant understood: (1) the allegations in the State's motion to adjudicate, and judicially confessed that they were true; (2) *that he could not appeal if the court followed the State's recommendation unless the court gave its permission;* (3) the range of punishment for the offense to be from two to 10 years in the penitentiary; [1] and (4) that the prosecutor would recommend his punishment be assessed at four years in the penitentiary. Appellant agreed to that recommendation.

On that same date, the trial court proceeded to find appellant guilty of burglary of a habitation with intent to commit theft and, following the plea agreement, assessed punishment at confinement for four years. Despite appellant's stipulation, he filed a *pro se* notice of appeal.

We abated the appeal and remanded the case to the trial court for findings. The trial court found that it had not given appellant permission to appeal, nor would it do so.

▮ A criminal defendant in a non-capital case may waive any rights secured him by law, including the right to appeal his conviction. *Blanco v. State,* 18 S.W.3d 218, 219 (Tex.Crim.App.2000). It has long been the law that a knowing and intelligent waiver of the right to appeal is binding on the defendant and prevents him

---

*The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. This range of punishment was incorrect. Burglary of a habitation with intent to commit theft is a second degree felony with a punishment range of from two to 20 years incarceration and a possible fine not to exceed $10,000. *See* Tex. Penal Code Ann.

§ 12.33 (Vernon 1994), § 30.02 (Vernon Supp.2001). Because the four-year sentence was within both the actual and stated maximum, there was "substantial compliance" with the requirements of Article 26.13 of the Texas Code of Criminal Procedure. *See Eatmon v. State,* 768 S.W.2d 310, 311–12 (Tex. Crim.App.1989); Tex.Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989).

from appealing any issue without the consent of the trial court. *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex.Crim.App.1978); *Freeman v. State*, 913 S.W.2d 714, 717 (Tex.App.—Amarillo 1995, no pet.).

We are aware that pretrial waivers of the right to appeal were held to be invalid in *Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex.Crim.App.1976), *Ex parte Dickey*, 543 S.W.2d 99, 101 (Tex.Crim.App.1976), and *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex.Crim.App.1977). Those decisions "rest primarily on the rationale that a defendant's pretrial waiver of the right to appeal is involuntary and 'cannot be knowingly and intelligently made' because 'the defendant has no way of knowing with certainty the punishment that will be assessed and cannot anticipate the errors that may occur during trial.' " *Blanco*, 18 S.W.3d at 219 (citing *Townsend*, 538 S.W.2d at 420). However, as the Court of Criminal Appeals explained in *Blanco*, those decisions are less compelling when the appellant knew what his punishment would be if the trial court accepted his plea.[2] *Id.* The waiver was upheld in *Blanco*.

In addition, *Townsend*, *Dickey*, and *Thomas* were decided before the law changed in 1977 to permit a defendant who pled guilty or no contest to withdraw his plea if the trial court did not follow the plea agreement. *Bushnell v. State*, 975 S.W.2d 641, 642–44 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd); *Littleton v. State*, 33 S.W.3d 41, 43 (Tex.App.—Texarkana 2000, pet. filed); Tex.Code Crim. Proc. Ann. art. 26.13(a)(2) (Vernon Supp. 2001). Therefore, the primary rationale

for the decisions in *Townsend, Dickey,* and *Thomas* is no longer viable in plea-bargained cases involving a plea of guilty or no contest.

Furthermore, at the time those cases were decided, the right of appeal did not mature until after sentencing because a notice of appeal filed before sentencing was invalid. Because the right had not matured, it could not be waived. That is no longer the case. A prematurely-filed notice of appeal is effective. *Littleton*, 33 S.W.3d at 43; *Bushnell*, 975 S.W.2d at 643–44; Tex.R.App.P. 27.1(b).

The final concern of the *Townsend, Dickey, Thomas* line of cases, waiver of possible errors occurring during trial, is also inapplicable because appellant could not appeal from the trial court's decision to adjudicate guilt,[3] and by agreeing to a fixed punishment, he removed any possible source of error that could have arisen during punishment. *See Bushnell*, 975 S.W.2d at 644.

The stipulation in this case was that appellant waived his right to appeal *only* if the trial court followed the plea agreement. In other words, if the trial court did not follow the agreement, appellant retained his right to appeal. He was not locked into a waiver of his right to appeal that was made before he knew what his punishment would be.

██ It appears from the record that appellant had been apprised of his rights, that he understood his rights, and that his waiver of his right to appeal without the trial court's permission was knowingly and

---

2. In addition, in *Blanco* the defendant knew what errors may have occurred during trial when he promised to waive his right to appeal because the plea bargain agreement as to punishment, including the defendant's promise not to appeal, was reached after a jury returned a verdict of guilty.

3. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim.App.1999); *Hargrave v. State*, 10 S.W.3d 355, 357 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd).

voluntarily made.[4] We therefore hold that it was valid.[5] The trial court did not grant permission to appeal.

Accordingly, we order the appeal **dismissed.**

4. Because of the regularity of the documents included in the clerk's record and the waiver of a reporter's record, there is a prima facie showing of voluntariness. *See Dusenberry v. State,* 915 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd).

5. Our order in *Smith v. State,* 23 S.W.3d 601, 603–04 (Tex.App.—Houston [1st Dist.] 2000, order), is distinguishable because in that case the clerk's record did not indicate that the presence of a court reporter had been waived. Accordingly, we directed the trial court to appoint counsel and order the court reporter to prepare and file the reporter's record for the indigent appellant. We did not rule on the validity of the waiver of the right to appeal.