NO. 07-00-0563-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 13, 2001

______________________________

FELTON D. WHITE,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-433,133; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

ABATE AND REMAND

_______________________________

Before QUINN, REAVIS, AND JOHNSON, JJ.

Appellant,
 Felton D. White, pled guilty on November 16, 2000, to the charge of capital murder.  He was sentenced to life imprisonment.  Appellant was represented by a
ttorneys Philip Wischkaemper and Jack Stoffregen, who were appointed by the trial court.  On December 15, 2000, attorney Wischkaemper met with appellant who expressed a desire to appeal his plea.  Attorney Wischkaemper proceeded to file a Motion for Permission to Appeal.  The Motion for Permission to Appeal was denied.  Furthermore, the trial court informed appellant that he would not be appointed an attorney for his appeal.  In addition, the trial court ordered the attorneys’ representation of appellant to terminate thirty days after appellant’s sentencing.  As a result, no attorney was appointed 
to handle appellant’s appeal.

Moreover, a notice of appeal was filed on December 15, 2000, without permission from the trial court.  The clerk’s record was filed with this Court on January 10, 2001.  The reporter’s record was filed with this Court on January 12, 2001.

Accordingly, we now abate this appeal and remand the cause to the 137
th
 District Court of Lubbock County.  Upon remand, the District Court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to continue to prosecute his appeal; and

2.  whether appellant is indigent and entitled to the appointment of counsel.

The trial court shall cause the hearing to be transcribed.  Should it be determined appellant is indigent and entitled to appointed counsel, the trial court shall appoint counsel to prosecute this appeal.  Furthermore, the trial court shall issue findings of fact and conclusions of law addressing the matter of appellant’s indigency and, if indigent, disclosing the name, state bar number, address, phone number, and telefax number of the newly appointed counsel.  The trial court shall cause the aforementioned issues to be included in a supplemental clerk’s record to be filed along with the transcription of the hearing with the Clerk of this Court by Monday, April 12, 2001.  Should further time be needed by the trial court to perform these tasks, then same must be requested before  April 12, 2001.

We are mindful that the freedom to appeal by one who pleads guilty is restricted.  
Tex. R. App. P.
 25.2(b)(3) (stating the conditions to appeal which must be satisfied by one who pleads guilty).  So too may a plea bargain result in the waiver of one’s right to appeal.  
Blanco v. State
, 18 S.W.3d 218, 219-20 (Tex.Crim.App.2000); 
Freeman v. State
, 913 S.W.2d 714, 718 (Tex.App.–Amarillo 1995, no pet.).  However, the conditions mentioned in Rule 25.2(b)(3) do not prevent one from contesting the voluntariness of his plea by a general notice of appeal.  
Vidaurri v. State
, 981 S.W.2d 478, 479 (Tex.App.–Amarillo 1998, pet. granted).  Furthermore, should the plea be found involuntary, that would effectively negate the existence of any plea bargain and the waiver of appellate rights thereunder.  Thus, given the limited issues that can be raised on appeal which fall outside the scope of Rule 25.2(b)(3), we are compelled to abate and remand the cause for the appointment of appellate counsel if appellant is indigent and desires same.      

It is so ordered.

Brian Quinn

    Justice

Do Not Publish.