In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-139 CR


____________________



DAVID WAYNE BENNETT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 76812






O P I N I O N


 This is an appeal following the trial court's revocation of David Wayne Bennett's
deferred adjudication community supervision and the adjudication of his guilt. 

 Pursuant to a plea bargain, Bennett pleaded guilty to the second degree felony
offense of burglary of a habitation. See Tex. Pen. Code Ann. § 30.02(a)(3), (c)(2)
(Vernon Supp. 2002); see also Tex. Pen. Code Ann. § 12.33 (Vernon 1994). In
December 1998, the trial court deferred adjudication of guilt and placed Bennett on
community supervision for five years. Subsequently, the State filed a motion to revoke,
and Bennett pleaded "true" to allegations that he committed the offenses of unlawfully
carrying a weapon, driving while his license was suspended, and failing to perform his
community service hours. In February 2001 the trial court revoked Bennett's community
supervision, adjudicated him guilty, and sentenced him to eight years in the Institutional
Division of the Texas Department of Criminal Justice. 

 Included in the record is Bennett's "Notice of Filing Notice of Appeal" and a
"Request for Permission to Appeal." Pursuant to Tex. R. App. P. 25.2(b)(2), the "[n]otice
[of appeal] is sufficient if it shows the party's desire to appeal from the judgment or other
appealable order . . . ." We conclude the two documents evidence Bennett's desire to
appeal from the order adjudicating his guilt and sentencing him to prison. 

 Also in the record is the trial judge's order denying Bennett's request for permission
to appeal. The trial court's order expressly states that Bennett does not need permission
to appeal because no plea bargain existed, and that Tex. R. App. P. 25.2(b)(3) does not
apply. A further review of the record, however, reveals there was a plea bargain in this
case. The plea papers, signed by the prosecutor, Bennett's counsel, and Bennett himself,
establish that the State and Bennett expressly agreed that Bennett's punishment would be
"deferred adjudication," rather than the adjudication of his guilt on the second degree
felony offense, and a $750 fine. The "unagreed" part of the recommendation was the
specific number of years of community supervision. At the guilty plea hearing, the
following exchange occurred:

 THE COURT: Mr. Bennett, under our law this offense is classified as a
second degree felony, which means that the possible punishment you could
receive is from 2 to 20 years in the penitentiary, and in addition, a fine of up
to $10,000. Do you understand the punishment range? 

 DEFENDANT: Yes, sir.

 THE COURT: Now, your attorney and The State of Texas are going to
make a recommendation to the Court regarding punishment. Do you
understand that I'm not bound by any recommendations they make?

 DEFENDANT: Yes, sir.

 THE COURT: If I reject the plea bargain agreement, then you'd have a right
to withdraw your plea. Do you understand that?

 DEFENDANT: Yes, sir.

 THE COURT: On the other hand, if I follow the plea bargain agreement, the
only way you can appeal this case is that you have to come get my
permission. Do you understand? 

 DEFENDANT: Yes, sir.

 THE COURT: In your case the recommendation is that I defer the
adjudication of guilt, place you on probation for five years and assess a fine
of $750.00. Do you agree with that recommendation?

 DEFENDANT: Yes, sir. 

 

The record clearly demonstrates there was a plea bargain agreement. The fact that there
was an agreed portion of the plea bargain and an "unagreed" recommendation does not
nullify the existence of the plea bargain. Plea bargaining consists of the State's making
concessions regarding punishment in exchange for a defendant's promise to enter a plea
of guilty. See Freeman v. State, 913 S.W.2d 714, 717 (Tex. App.--Amarillo 1995, no
pet.). Here such an exchange took place, and a plea bargain was entered into and
followed. As a result, Rule 25.2(b)(3) is applicable to this appeal. The trial court
admonished Bennett that if he wanted to appeal, he needed the trial court's permission. 
Having failed, for whatever reason, to obtain permission and having failed to meet the
other requirements of the rule, Bennett cannot appeal his conviction, at least to the extent
explained herein. 

 After Bennett perfected his appeal, appellate counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes the record presents
no arguable error which would support an appeal. This Court gave Bennett an extension
of time in which to file a pro se brief if he so desired. 

 In his pro se brief, Bennett complains of the following: (1) the involuntariness of
his original guilty plea; (2) his inability (because of his incarceration) to request the trial
court's permission to appeal from the order deferring adjudication of guilt; (3) ineffective
assistance of counsel at the sentencing hearing following adjudication of guilt; and (4)
ineffective assistance of counsel on appeal. As we appreciate Bennett's complaints, two
of his issues relate to the original plea hearing and the deferred adjudication of his guilt in
late 1998. The latter two points relate to matters after adjudication of guilt. We have
jurisdiction to consider only points of error three and four.

 The general notice of appeal filed by Bennett does not comply with Tex. R. App.
P. 25.2(b)(3), as it must in order for Bennett to pursue his appeal regarding his guilty plea
and the trial court's deferred adjudication of his guilt. See Cooper v. State, 45 S.W.3d 77
(Tex. Crim. App. 2001). The notice does not specify that the appeal is for a jurisdictional
defect or that the substance of the appeal was raised by written motion and ruled on before
trial; nor does the notice specify that the trial court granted permission to appeal. Absent
compliance with Rule 25.2(b)(3), we lack jurisdiction to consider those points of error
pertaining to the original plea proceeding, including the claim that Bennett's guilty plea
was involuntary. See Cooper, 45 S.W.3d at 78. We dismiss the appeal as to points of
error one and two. (1)

 In his third point of error, Bennett claims his trial counsel was ineffective (2) during
the sentencing hearing following his plea of true to the allegations of violations of the
conditions of community supervision. We note that Bennett's point of error does not
challenge the trial court's determination to adjudicate guilt, a challenge that is prohibited
by statute. See Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2002);
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). Instead, his point of
error focuses on trial counsel's performance during the "process by which he was
sentenced." See Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). 
Complaints concerning the sentencing process of an adjudication proceeding are
appealable, because they do not involve the trial court's decision to adjudicate guilt. See
Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001); Vidaurri, 49 S.W.3d at
885. Therefore, we have jurisdiction to address his third issue.

 Bennett claims that during the sentence hearing his trial counsel incorrectly asked
that Bennett be sentenced to a restitution center as punishment for the burglary offense; he
argues that a competent counsel would have known that Bennett could not receive such
punishment. He bases his contention on a 1985 Attorney General's opinion, which, in
turn, is based on old law. Initially, we note that Bennett mistakenly assumes the February
26, 2001, hearing was a hearing deferring the adjudication of his guilt; in actuality, the
purpose of that hearing was to adjudicate guilt, since he had already pleaded true to
community supervision violations, and to assess his punishment. As to his claim that,
under the facts of the case, community supervision in a restitution center is not a sentence
allowed by law, we find neither statute nor case law to support such a claim. Under the
burglary of a habitation and community supervision statutes, a trial judge has the authority
to adjudicate the defendant guilty of burglary of a habitation, impose sentence, suspend the
imposition of sentence, and place the defendant on community supervision in a
"community corrections facility," which includes a restitution center. See Tex. Pen.
Code Ann. § 30.02(a), (c)(2) (Vernon Supp. 2002); Tex. Code Crim. Proc. Ann. art.
42.12 §§ 3, 3g, 11, 18 (Vernon Supp. 2002); Tex. Gov't Code Ann. § 509.001(1)(A)
(Vernon 1998). The punishment requested by both trial counsel and Bennett himself was
one authorized by law. Even had it not been, there was no harm in the request, since the
trial court did not assess such punishment. There was no ineffective assistance of counsel. 
Issue three is overruled.

 Finally, Bennett complains of the Anders brief filed by appellate counsel. Appellate
counsel was correct in his conclusion that there is no reversible error. After the Anders
brief was filed, Bennett was given the opportunity to raise any points of error in a pro se
brief. He has done so. We have reviewed the clerk's record and the reporter's record and
find no arguable error requiring us to order appointment of new counsel. See Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Issue four is overruled. 

 We have no jurisdiction to consider points of error one and two; the appeal is
dismissed as to them. We overrule issues three and four. The judgment of conviction is
affirmed.

 APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED.

 PER CURIAM

Submitted on November 29, 2001

Delivered on January 9, 2002

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.
1. Bennett's second point of error references the original plea hearing in November
1998 at which the trial court told him he (Bennett) had to obtain the trial court's permission
in order to appeal. Bennett maintains he could not satisfy that requirement because he was
incarcerated and in lockdown without any means of typing what he needed to present to
the court. Even if Rule 25.2(b)(3) allowed us to consider this issue, it has no merit. There
is no requirement that a pleading, including a request for permission for appeal, must be
typewritten. Further, Bennett does not state that he is unable to send material by mail
while he is in lockdown. 
2. To establish ineffective assistance of counsel, Bennett must show that (a) his
counsel's performance was deficient and (b) the deficient performance prejudiced his case. 
See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).