Opinion issued February 6, 2003







 


 


 


In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-01322-CR

____________


TRAMPUS JOE MILLS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 917192






MEMORANDUM OPINION

 On August 27, 2002, appellant pleaded no contest to indecency with a child. 
In accordance with a plea bargain agreement, his adjudication was deferred for three
years and he was assessed a fine of $500. On November 12, 2002, appellant pleaded
true to the allegations in the State's motion to adjudicate guilt. At the adjudication
hearing, appellant signed under oath a written waiver of constitutional rights and
stipulation of evidence that provided, among other things, as follows:

 I understand the allegations against me set out in the attached
State's Motion and judicially confess that it is true that I violated
the terms and conditions of my probation as stated in the attached
State's Motion.


 I have consulted with my attorney regarding my right to have all
cournt [sic] proceedings recorded by an official court reporter and
I waive the right to have a court reporter record my plea of true.


 I understand that I cannot appeal is [sic] the Court follows the
State's recommendation unless the Court gives permission.


 I intend to enter a plea of true to the State's Motion and the
prosecution will recommend that my punishment should be
set at 3 years TDC,[ (1)] $500 fine and I agree to that
recommendation. (Emphasis added.) 


In addition to appellant's sworn signature, the document was approved and signed by
appellant's counsel, the prosecutor, and the trial judge.

 The trial court proceeded to find appellant guilty of indecency with a child
and, following the plea agreement, assessed punishment at three years' confinement. 
The court's judgment recites, "Appeal waived. No permission to appeal granted." 
Despite having waived the right to appeal, appellant filed a pro se notice of appeal. 
We hold the appeal must be dismissed.

 In Hilyard v. State, 43 S.W.3d 574, 576-77 (Tex. App.--Houston [1st Dist.]
2001, no pet.), this Court held that the same waiver of the right to appeal from the
trial court's adjudication of guilt was valid because it was knowingly and voluntarily
made. Because the trial court did not grant permission to appeal, we dismissed the
appeal. This case is therefore controlled by Hilyard. See also Buck v. State, 45
S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.); but see Alzarka v.
State, 90 S.W.3d 321 (Tex. Crim. App. 2002). (2)

 Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. Texas Department of Criminal Justice - Institutional Division. See Tex.
Gov't Code Ann. § 493.002 (Vernon Supp. 2003).
2. In Alzarka, the Texas Court of Criminal Appeals did not enforce the waiver of
the right to appeal. Unlike the present case, however, the record in Alzarka
was clear that the trial court had granted permission to appeal an adverse ruling
on a pretrial motion. In the present case, no pretrial motions were filed, and
the trial court's judgment is stamped, "Appeal waived. No permission to
appeal granted." There is no reporter's record of the plea hearing because the
presence of a court reporter was waived. For these reasons, this appeal is not
controlled by Alzarka.