

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00153-CR

_____


JEREMY HOLMES, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-20-27909


Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Jeremy Holmes timely perfected an appeal from his conviction of manufacture/delivery of a controlled substance in a drug-free zone and the resulting sentence of thirty-five years' imprisonment. On January 13, 2022, the trial court certified that this was not a plea-bargain case and that Holmes had the right of appeal. Then, on April 22, 2022, the trial court filed a revised certification indicating that Holmes had subsequently waived his right of appeal. The following was handwritten on the revised certification: "def[endant] pled in other cases and relinquished right to appeal in this case as part of the plea agreement."

"A court of appeals lacks jurisdiction over and must dismiss an appeal when the defendant has validly waived his right of appeal." *Lopez v. State*, 595 S.W.3d 897, 899 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim. App. 2016)); *see also Freeman v. State*, 913 S.W.2d 714 (Tex. App.—Amarillo 1995, pet. ref'd). Further, pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

Upon receipt of the trial court's revised certification, we informed Holmes, through his appellate counsel, of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. In response, Holmes filed a motion to dismiss his appeal in which he conceded that he had waived his right to appeal in this case as part of a plea agreement disposing of another case. However, the motion to dismiss was not signed by Holmes as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure. *See*

2

TEX. R. APP. P. 42.2(a).  Consequently, we cannot grant the motion to dismiss and instead deny it is as moot.

Because Holmes has no right of appeal due to his waiver of that right and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.


                                            Scott E. Stevens
                                            Justice

Date Decided:        May 6, 2022
Date Decided         May 9, 2022

Do Not Publish