

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00145-CR

JOSHUA WADE BRIGGS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-20-27901

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

After the jury returned a verdict finding Joshua Wade Briggs guilty of the first-degree-felony offense of burglary of a habitation with the intent to commit a felony other than theft,[1] Briggs agreed to waive his right of appeal in exchange for a twenty-year sentence. Briggs signed a waiver stating that he "[w]aiv[ed] the right to appeal to the Court of Appeals or Court of Criminal Appeals." Briggs testified at the hearing on sentencing that he understood that the jury found him guilty and that he understood the applicable sentencing range of five to ninety-nine years or life in prison. Briggs further testified that he understood that, if a jury were to assess punishment, it could recommend community supervision if it imposed a sentence of ten years or less. Briggs testified that he reached an agreement for twenty years in prison and that, in exchange, he would give up his right to appeal. Briggs was informed of the full extent of his appellate rights and testified that he agreed to give up those rights.

"A court of appeals lacks jurisdiction over and must dismiss an appeal when the defendant has validly waived his right of appeal." *Lopez v. State*, 595 S.W.3d 897, 899 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim. App. 2016)); *see also Freeman v. State*, 913 S.W.2d 714 (Tex. App.—Amarillo 1995, pet. ref'd). Further, pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

---

[1] TEX. PENAL CODE ANN. § 30.02(d).

We informed Briggs of this apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Briggs's response to our letter conceded that this Court does not have jurisdiction over this appeal.

Briggs clearly waived his right of appeal, which deprives this Court of jurisdiction over this attempted appeal, and the trial court's certification confirms Briggs's waiver of his rights. Because we find that we are without jurisdiction over this matter as a result of Briggs's waiver of the right of appeal, we dismiss the appeal for want of jurisdiction.

Charles van Cleef
Justice

Date Submitted:    May 11, 2022
Date Decided:      May 12, 2022

Do Not Publish