

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00136-CR

_____

ALYSSA HALEY THOMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29388

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Alyssa Haley Thoms pled guilty to the offense of possession of a controlled substance,[1] and the trial court placed her on three years' deferred adjudication community supervision. On September 20, 2022, the trial court revoked Thoms's deferred adjudication community supervision, adjudicated her guilty of possession of a controlled substance, and sentenced her to fourteen months' incarceration. On the day of her sentencing, Thoms waived her right of appeal when she signed a document titled Waiver of Rights to Appeal Community Supervision Revocation. That document states,

> I, ALYSSA HALEY THOMS, Defendant in the above-entitled and numbered cause, having been convicted of the offense of POSS CS PG 2 < 1G and sentenced therein, hereby expressly state as a fact that I have been fully informed by the Judge of this Court and by my attorney, and I know, that I have the legal right of appeal from this conviction to the Court and by my attorney, and I know, that I have the legal right of appeal from this conviction to the Court of Appeals of Texas, and also the right to be represented on appeal by an attorney of my own choice, or if I am too poor to pay for such an attorney or the record on appeal, the Court will, without expense to me, provide me with such an attorney and a proper record for such an appeal.
>
> With full understanding of the above, I hereby in open court state that I do not desire to appeal and expressly waive any appeal in this case, and I hereby accept as final the judgment of conviction and sentence herein and I request that I be allowed to commence serving the same without further delay, and I also in open court expressly waive the filing of a Motion for New Trial as well as any Motion in Arrest of Judgment.

The waiver of right to appeal was also signed by Thoms's attorney and by the district clerk of Lamar County.

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.116(b) (Supp.).

Even though Thoms waived her right of appeal, she nevertheless, acting pro se, filed a notice of appeal. "A court of appeals lacks jurisdiction over and must dismiss an appeal when the defendant has validly waived [her] right of appeal." *Lopez v. State*, 595 S.W.3d 897, 899 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim. App. 2016)); *see also Freeman v. State*, 913 S.W.2d 714 (Tex. App.—Amarillo 1995, pet. ref'd).

On October 20, 2022, we informed Thoms of the defect in our jurisdiction over this appeal and afforded her an opportunity to respond and, if possible, cure such defect. Thoms did not file a response to our jurisdictional defect letter.

Because Thoms has no right of appeal as a result of her explicit, written waiver of that right, and because the trial court's certification correctly indicates that she is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     November 21, 2022
Date Decided:       November 22, 2022

Do Not Publish