

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00147-CR
_____

CHRISTOPHER MICHAEL MASTIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 440th District Court
Coryell County, Texas
Trial Court No. 20-26231

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Christopher Michael Mastin pled guilty to ten counts of possession with intent to promote child pornography.[1] The trial court convicted Mastin of each offense and sentenced him to twenty years' imprisonment on count one and ten years' imprisonment on each of the remaining nine counts.[2] As part of Mastin's plea paperwork, he signed an express waiver of his right of appeal. That document states,

> Comes now the Defendant, in open court and as part of the plea bargain in this case, and after the Court has accepted the plea bargain in this case and the imposition of punishment by the Court, and agrees that the Court has not exceeded the recommendation made by the State as a part of the plea bargain, and waives the right to appeal the judgment of the court in this case. The Defendant further waives the right to appeal the rulings of the Court with regard to any pretrial motions and withdraws all such pretrial motions as may have been made by the Defendant or his/her attorney in his/her behalf. The Defendant further waives the right to file a Motion in Arrest of Judgment, Motion for New Trial, or Notice of Appeal.

The waiver of right to appeal was also signed by Mastin's attorney and by the trial court.

Even though Mastin waived his right of appeal, he nevertheless, acting pro se, filed a notice of appeal. "A court of appeals lacks jurisdiction over and must dismiss an appeal when the defendant has validly waived his right of appeal." *Lopez v. State*, 595 S.W.3d 897, 899 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim. App. 2016)); *see also Freeman v. State*, 913 S.W.2d 714 (Tex. App.—Amarillo 1995, pet. ref'd).

---

[1]TEX. PENAL CODE ANN. § 43.26.

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

On December 6, 2022, we informed Mastin of the defect in our jurisdiction over this appeal and afforded him an opportunity to respond and, if possible, cure such defect. Counsel for Mastin filed a response to our jurisdictional defect letter in which he agreed that Mastin effectively waived his right of appeal.

Because Mastin has no right of appeal due to his explicit, written waiver of that right and because the trial court's certification correctly indicates that he is without the right of appeal, we dismiss this appeal for want of jurisdiction.

Charles van Cleef
Justice

Date Submitted: December 12, 2022
Date Decided: December 13, 2022

Do Not Publish