

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00083-CR
_____

GARY WAYNE SUTTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 12th District Court
Walker County, Texas
Trial Court No. 30308

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

After a Walker County jury[1] found Gary Wayne Sutton guilty of theft of property in an amount less than $2,500.00 with two or more prior theft convictions,[2] Sutton and the State struck a bargain in which the State agreed to recommend that the trial court sentence Sutton to fifteen months' incarceration. In exchange, Sutton agreed to (1) forego having a jury decide punishment and (2) waive his right of appeal. The agreement was memorialized on the record in open court:

> THE COURT: All right. Mr. Sutton, after the jury returned a verdict of guilty, did you have a chance to discuss this matter with your attorney?
>
> [BY RILEY]: I did, yes.
>
> THE COURT: And at that time, was the -- was it your wish to proceed with an agreed punishment in this matter, rather than proceeding with your election to have a jury assess punishment?
>
> [BY RILEY]: It is.
>
> THE COURT: You understand that I have before me a certification of defendant's right to appeal where you and your attorney have signed saying you understand you would waive your right to appeal. Is that correct?
>
> [BY RILEY]: It is.
>
> THE COURT: That you understand that I sent the jury home, but they are coming back tomorrow at 1:00. And at that time, the State would have the opportunity to make an opening statement. Your counsel would have the right to make an opening statement. And then the parties would have the right to put on evidence. Your attorney would have the right to cross-examine the State's

---

[1] Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] Act of May 21, 2017, 85th Leg., R.S., ch. 338, § 4, 2017 Tex. Gen. Laws 978, 978–79 (amended 2023) (enacting former Section 31.03(e)(4)(D) of the Texas Penal Code, which was in effect at all times relevant to this matter).

witnesses, and you would have the right to put on whatever evidence you wanted. Of course, subject to the State's cross-examination. You want to waive that right?

[BY RILEY]: Sure. Yes, sir.

THE COURT: All right. What is the proposed punishment, Ms. Jenkins?

[THE STATE]: Your Honor, the agreed proposal is for 15 months' confinement in the Texas Department of Criminal Justice, State Jail Division, with credit for 100 days, time served.

THE COURT: Is that your understanding, Mr. Riley?

[COUNSEL FOR SUTTON]: It is, Judge.

THE COURT: Is that your understanding, Mr. Sutton?

[BY RILEY]: It is.

THE COURT: Then, Mr. Sutton, you're wanting to waive your right to have a jury assess punishment and move forward with this agreed punishment. Is that correct?

[BY RILEY]: It is.

THE COURT: All right. Then I will follow the agreement of the parties. I will find you guilty based upon the jury verdict. I will assess your punishment at 15 months' confinement in the Texas Department of Criminal Justice, State Jail Division. You will receive credit for 100 days previously served. Is there anything further from the Court?

[THE STATE]: No, Your Honor.

[COUNSEL FOR SUTTON]: Nothing further.

THE COURT: That will be the judgment and order of the Court. . . .

Even though Sutton waived his right of appeal, he nevertheless, acting pro se, filed a notice of appeal. "A court of appeals lacks jurisdiction over and must dismiss an appeal when the defendant has validly waived his right of appeal." *Lopez v. State*, 595 S.W.3d 897, 899 (Tex.

3

App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim. App. 2016)); *see also Freeman v. State*, 913 S.W.2d 714 (Tex. App.—Amarillo 1995, pet. ref'd).

On May 17, 2023, we informed Sutton of the defect in our jurisdiction over this appeal and afforded him an opportunity to respond and, if possible, cure such defect. Sutton did not file a response to our jurisdictional defect letter.

Because Sutton has no right of appeal due to his explicit waiver of that right and because the trial court's certification correctly indicates that he is without the right of appeal, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Chief Justice

Date Submitted:     June 8, 2023
Date Decided:       June 9, 2023

Do Not Publish